UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:11-CV-181-KKC

JONES BODY SHOP, INC. ET AL.                                              PLAINTIFFS

v.            **MEMORANDUM OPINION AND ORDER**

PPG INDUSTRIES, INC. ET AL.,                                              DEFENDANTS

*** *** *** ***

This matter is before the Court on various motions including Plaintiffs' Motion to Remand. [DE 12]. For the following reasons, the Plaintiffs' Motion to Remand is **GRANTED**.

## I. BACKGROUND

Roger and Kimberly Jones own and operate Jones Body Shop Inc., an automobile repair and body shop, in Knott County, Kentucky. A fire badly damaged and/or destroyed the property on November 28, 2010. Plaintiffs believe that the fire originated in a machine at the shop called the Paint Manager Touch Mix System. The Paint Manager Touch Mix System was manufactured and marketed by PPG Industries, Inc. ("PPG"). Plaintiffs contend that the fire began because a computer component within the machine overheated and caught fire after they followed the operating instructions of Dare Frost, a PPG employee. Plaintiffs maintain that Frost advised them to leave the system on continuously, even when they were not in the shop. The computer component that allegedly started the fire was manufactured by Dell, Inc.

After the fire, Plaintiffs filed an insurance claim with their carrier, Nationwide. Plaintiffs purchased their insurance through a local insurance broker, McGuire Insurance Agency, Inc. (McGuire). Plaintiffs contend that for many years they relied on McGuire to select "an appropriate amount" of insurance. McGuire was allegedly instructed to obtain sufficient

1

insurance to "ensure . . . that, in the event of a casualty," Plaintiffs "would be insured to the extent necessary to replace the contents [of their shop and] recover the fair market value of any items therein which would not be replaced." [DE 1-1 at 24-25]. Plaintiffs were not satisfied with the policy's coverage and claim that the "policy which McGuire had selected . . . left them substantially underinsured." [DE 1-1 at 25-26]. Plaintiffs also object to Nationwide's handling of the claim.

On November 15, 2011, Plaintiffs filed a verified Complaint against PPG, Dell, Frost, Nationwide and McGuire in Knott Circuit Court. A month later, PPG filed a notice of removal, invoking this Court's diversity jurisdiction. Because Frost and McGuire, like Plaintiffs, are citizens of Kentucky, complete diversity is lacking on the face of the complaint. PPG argues that Frost has been fraudulent joined and that Nationwide and McGuire have been fraudulently misjoined and thus the Court may ignore Frost and McGuire's non-diverse citizenship. Defendant, Nationwide argues that it was properly joined, but argues that McGuire has been fraudulently joined and his citizenship can be ignored. Because Defendants have not met the "heavy burden" of proving that Plaintiffs have no colorable claim against Frost and McGuire, the Court need not address the misjoinder issue and Plaintiffs' motion to remand is GRANTED.

## II. DISCUSSION

To establish fraudulent joinder, PPG and Nationwide must show that "there is [no] colorable basis for predicting that" Plaintiffs will be able to recover against Frost and McGuire. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "[A]ll disputed questions of fact and ambiguities in the controlling state law" are resolved in favor of the non-moving party, and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.* (citation omitted) (quoting *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

Several courts have characterized the standard for showing fraudulent joinder as "even higher than the standard for succeeding on a motion to dismiss under Federal Rule 12(b)(6)." *Anderson v. Merck & Co., Inc.*, 417 F. Supp. 842, 845 (E.D. Ky. 2006) (citing *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (citing *Hartley v. CSX Trans., Inc.*, 187 F.3d 422 (4th Cir. 1999))).

### A.  Claims Against Frost

Plaintiffs' Complaint states a colorable claim against Dare Frost. Plaintiffs allege that Frost, acting as an employee or agent of PPG, "advised and instructed [them] that the PPG Paint Manager Touch Mix System . . . should be left on continuously and at all times." [DE 1-1 at 23-24]. Plaintiffs assert that Frost "had a duty to exercise due care for the safety and property of the Plaintiffs . . . which he breached with negligence, gross negligence and/or recklessness" by giving said advice and instructions. [DE 1-1 at 24].

Under Kentucky law, a "negligence action requires: (1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992). Plaintiffs have alleged that Frost owed them the "universal duty" which "every person owes . . . to every other person to exercise ordinary care in his activities to prevent foreseeable injury." *Grayson Fraternal Order of Eagles*, *Aerie No. 3738, Inc. v. Colywell*, 736 S.W.2d 328, 330 (Ky. 1987); *accord Mitchell v. Dow Chemical Co.*, No. 11-117, 2011 WL 2938156, at *1 (E.D. Ky. July 19, 2011). Frost allegedly breached that duty by giving negligent, grossly negligent, and/or reckless advice to leave the machine on "at all times because of the accumulation of ambient dust, dirt and debris." [DE 1-1 at 24]. Finally, Plaintiffs claim their property was damaged because they followed the negligent advice of Dare Frost.

PPG has failed to meet the heavy burden of proving that there is not even arguably a

reasonable basis for predicting Kentucky law might impose liability on Frost. *Nelson v. Clark*, No. 7:11-82, 2011 WL 4900028, at *2 (E.D. Ky. Oct. 14, 2011) (quoting *Alexander*, 13 F.3d at 949). First, PPG argues that Plaintiffs' claim "against Dare Frost, in truth, constitutes a claim of fraud and/or intentional misrepresentation" because "[u]nder Kentucky law, the Court must look beyond the mere labels that Plaintiffs provide and look to the facts which have been pled to determine what claims are being made." [DE 19 at 5]. As discussed above, Plaintiffs have alleged facts that arguably provide a reasonable basis for predicting that Kentucky law might impose liability for negligence. Therefore, the Court need not decide whether Plaintiffs could make out a fraud or intentional misrepresentation claim.

      PPG argues that "Plaintiffs have not cited a single case in Kentucky" where "an employee of a company can be held liable for allegedly negligently misrepresenting that a computer should be left running." [DE 19 at 10-11]. "But this argument ignores the distinction between the standards for fraudulent joinder and Rule 12(b)(6)." *Collins v. Montpelier U.S. Ins. Co.*, No. 11-166, 2011 WL 6150583, at *3 (E.D. Ky. Dec. 12, 2011). The burden is on PPG to prove that it is clear under Kentucky law that there can be no recovery against Frost. *Alexander*, 13 F.3d at 949. If the law is ambiguous as to whether Plaintiffs theory of liability is viable, that ambiguity must be resolved in favor of Plaintiffs. *Coyne*, 183 F.3d at 493. PPG relies on *Anderson v. Merck & Co., Inc.* to argue that Kentucky law is clear that Plaintiffs cannot recover against Frost. 417 F. Supp. 2d 842, 847 (E.D. Ky. 2006) In that case, however, "there [was] no allegation that the Sales Representatives misrepresented anything to Plaintiffs, or in fact had any contact with Plaintiffs." *Id.* Here, the Plaintiffs allege that Frost had contact with them and negligently told them to leave the machine running.

      Additionally, Plaintiffs negligence claim is different from the claim in *Anderson* because

the Plaintiffs are not alleging that Frost negligently misrepresent a fact. They allege that Frost's instructions were negligent and caused the fire. Plaintiffs are not attempting to hold Frost liable for the alleged product defects or misrepresentations about the product made on PPG's behalf. Plaintiffs' complaint asserts that Frost was negligent in giving advice about how to operate the machine. Although this claim may not survive a motion to dismiss, Plaintiffs arguably have a reasonable basis for recovery. Finally, because Plaintiffs have one theory of liability that presents a colorable claim against Frost, the Court need not address PPG's remaining, and persuasive, arguments that Frost did not owe Plaintiffs a duty to warn.

### B.  Claims Against McGuire

PPG argues that Plaintiffs' insurance claims against Nationwide and McGuire should be severed from the product liability claims against PPG and Dell because they do not arise from the same transaction or occurrence and do not share any common questions of law or fact. Nationwide argues against severance, but argues that the claims against it should not be remanded because McGuire, in addition to Frost, has been fraudulently joined. PPG agrees with Nationwide that McGuire has been fraudulently joined. The misjoinder argument is only relevant if the Court finds that either Frost or McGuire, but not both, has been fraudulently joined. But, because neither Frost nor McGuire has been fraudulently joined, the Court need not decide the misjoinder issue. In fact, because neither Kentucky defendant has been fraudulently joined, the Court lacks jurisdiction to address any other issues in the case.

Defendants' argument that McGuire has been fraudulently joined relies on *Mullins v. Commonwealth Life Ins. Co.*, which held that Kentucky law does not permit recovery against an insurance agent for failure to advise about all available coverage options or to provide full coverage. 839 S.W.2d 245, 247-48 (Ky. 1992). *Mullins*, however, did not foreclose the

5

possibility of recovering against an insurance agent in all circumstances. A plaintiff can still recover if the agent expressly assumed a duty to advise or if the agent holds itself out to the public as a counselor and/or advisor. *Mullins*, 839 S.W.2d at 249. Additionally, there can be an implied assumption of a duty to advise if "there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on or . . . the insured clearly makes a request for advice." *Id.* at 248 (citations omitted). Plaintiffs' allegations, taken as true, arguably fit within these exceptions. They claim that they "had for many years used and relied on the advice and expertise of [McGuire] to identify and select" an appropriate amount of insurance. [DE 1-1 at 11]. Additionally, Plaintiffs claim that McGuire was aware that they were relying on his advice and expertise. [DE 1-1 at 11]. Finally, Plaintiffs claim that they asked McGuire to assume to the duty to advise to "select an appropriate amount of insurance." [DE 1-1 at 12]. Whether McGuire actually assumed the duty to advise Plaintiffs is an issue of fact to be resolved by a court of competent jurisdiction, in this case, the state court.

### C. Plaintiffs' Request for Attorney Fees and Costs

Plaintiffs ask the Court to award reasonable attorney fees[1] and costs under 28 U.S.C. § 1447(c) "as a consequence of an improper removal." [DE 12-1 at 22]. To award fees, the Court must find that Defendants "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although Defendants did not prevail on their fraudulent joinder and misjoinder arguments, those arguments were not "objectively unreasonable." Fraudulent joinder and misjoinder are the law of this Circuit, and PPG has

---

[1] In accordance with the relevant statute, the Court will use the term "attorney fees." *See Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252, 254 n. 1 (6th Cir. 1997) (discussing the differences and grammatical merits of "attorney fees," "attorneys fees," "attorney's fees" and "attorneys' fees.").

6

reasonably applied the law to the facts of this case. Although Defendants' arguments did not carry the day, this is far from the case where an award of attorney fees is appropriate.

### III. CONCLUSION

Because Defendants have not established that McGuire or Frost was fraudulently joined, complete diversity is lacking and so is this Court's jurisdiction. Accordingly, it is **ORDERED** that Plaintiffs' motion to remand [DE 12] is **GRANTED**. This case is **REMANDED** to the Knott Circuit Court and is **STRICKEN** from the Court's active docket.  All other pending motions are hereby DENIED as moot.

Dated this 4th day of June, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge